[Cite as *State v. Wafer*, 2013-Ohio-2565.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 2012-CA-37 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 2011-CR-629 |
| v. | : | |
| | : | |
| QUENTA WAFER | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 21st day of June, 2013.

. . . . . . . . . . .

LISA M. FANNIN, Atty. Reg. #0082337, Clark County Prosecutor's Office, 50 East Columbia Street, 4th Floor, Post Office Box 1608, Springfield, Ohio 45501
     Attorney for Plaintiff-Appellee

ROBERT ALAN BRENNER, Atty. Reg. #0067714, Robert Alan Brenner, LLC, Post Office Box 341021, Beavercreek, Ohio 45434-1021
     Attorney for Defendant-Appellant

. . . . . . . . . . . .

HALL, J.,

{¶ 1}    Quenta Wafer appeals from his conviction and sentence following a no-contest

plea to one count of trafficking in heroin, a first-degree felony.

{¶ 2}  In his sole assignment of error, Wafer challenges the trial court's denial of a suppression motion.[1]

{¶ 3}  The record reflects that Wafer was charged with numerous drug offenses under three case numbers. He moved to suppress the evidence against him, and the trial court held a December 14, 2011 suppression hearing. On January 13, 2012, the trial court overruled the motion, which concerned drugs found in Wafer's home. As part of a negotiated agreement, Wafer then pled no-contest to the heroin-trafficking count mentioned above. All other charges were dismissed. The trial court imposed an agreed eight-year prison sentence. This appeal followed.

{¶ 4}  The facts underlying the present appeal are set forth in the trial court's suppression ruling as follows:

On August 11, 2011, officers from the Southern Ohio Federal Assistance Task Force (SOFAST), in response to a request for assistance from the drug unit of the Springfield Police Department, went to the defendant's residence at 714 Rodgers Dr., Springfield Ohio to execute an arrest warrant for the defendant. SOFAST officers went onto the porch while other officers took up positions in front of the porch and around the house, some with firearms drawn. One officer knocked on the door a number of times announcing the presence of the police. After a few minutes, the defendant approached the door, then walked away back into the room. A female resident, Nesha Gatewood, then came to the door and opened it. The officer informed her of the purpose to arrest the defendant and was permitted to enter the residence. The doorway entered into the living room where

---

[1]Although Wafer's appellate brief contains two assignments of error, he has withdrawn the second one.

the defendant could be seen on the couch. Other officers then entered the house to secure it for safety of the officers. The defendant surrendered to the officers without resistence. On the mantle of the fireplace, in plain view, officers observed a plastic bag which contained a substance that appeared to be heroin. At that time, the SOFAST officers turned over the defendant to the Springfield Police officers and left. One of the drug unit officers was sent to request the issuance of a search warrant for the house.

A search warrant was obtained and the house was searched pursuant to the terms of the warrant. During this search, drugs and firearms were discovered inside the residence.

(Doc. #19 at 1-2).

{¶ 5} Based on the foregoing facts, the trial court held that "the officers acted lawfully within the parameters of the arrest and search warrants." (*Id*. at 2). As a result, the trial court found no grounds for suppressing the evidence.

{¶ 6} "In reviewing a decision of a trial court on a motion to suppress, an appellate court gives broad deference to a trial court's findings of fact. * * * But whether the facts found by the trial court justify suppression of the evidence is a question of law subject to de novo review." *State v. Anderson*, 2d Dist. Montgomery No. 24678, 2012-Ohio-441, ¶ 10. Having reviewed the record, we conclude that the trial court's factual findings are supported by the suppression-hearing testimony. Applying those facts to the legal issues before us, we also find that the trial court properly overruled Wafer's motion.

{¶ 7} In his appellate brief, Wafer acknowledges that police lawfully executed an arrest

warrant at his residence. He also admits that "upon arresting him at his couch, they saw heroin in plain view, and they obtained a search warrant based on the plain view of the heroin." (Appellant's brief at 4). Wafer nevertheless argues that the officers unlawfully used the arrest warrant to obtain evidence. He complains about the officers entering the residence rather than asking him to come outside. He also complains that they needlessly conducted a protective sweep of the house. He asserts that the "whole plan was to have the SOFAST officers go through the entire house and report back what they could see in plain view." (*Id*. at 5). He reasons that "this is not a case where the execution of an arrest warrant inadvertently led to the discovery of contraband in plain view that warranted a subsequent search warrant." Instead, he maintains that "the officers by calculation and design used the arrest warrant as a substitute for a search warrant." (*Id*.).

{¶ 8}    Upon review, we find Wafer's argument to be unpersuasive. The record reflects that police lawfully entered a house Wafer shared with his girlfriend to execute a warrant for his arrest. It is well settled that "an arrest warrant authorizes the police to enter into an individual's home to seize him." *State v. Gardner*, 135 Ohio St. 3d 99, 2012-Ohio-5683, 984 N.E.2d 1025, ¶22. Police had no obligation to attempt to arrest Wafer outside.

{¶ 9}    Once inside the home, police saw heroin on a fireplace mantle in the living room with Wafer. Under the plain-view doctrine, police may seize evidence without a search warrant when (1) the initial intrusion providing the observation was lawful, (2) discovery of the evidence was inadvertent, and (3) the incriminating nature of the evidence was immediately apparent. *State v. Hunter*, 2d Dist. Montgomery No. 24350, 2011-Ohio-6321, ¶31. That test was satisfied here. The arrest warrant justified an intrusion into the living room, and the officers immediately

recognized the substance on the mantle as heroin. (Suppression Tr. at 9). In addition, nothing in the suppression-hearing transcript suggests police knew in advance they would find heroin in the living room. Therefore, discovery of the heroin was inadvertent. *See State v. Halczyszak*, 25 Ohio St.3d 301, 303, 496 N.E.2d 925 (1986) (reasoning that police cannot make a planned, warrantless seizure by relying on the plain-view doctrine when they know in advance what they will find in plain view and purposefully maneuver themselves to see it). Contrary to Wafer's argument on appeal, we note too that "mere observation of an object in plain view does not constitute a search[.]" *State v. Buzzard*, 112 Ohio St.3d 451, 2007-Ohio-373, 860 N.E.2d 1006, ¶17.

{¶ 10}   Finally, Wafer's complaint about the protective sweep is not an issue. Although officers conducted a protective sweep of the residence, no additional evidence was found during that process. Additional contraband was found only after police secured the house and obtained a search warrant for it. (Suppression Tr. at 23-25, 32). Therefore, we need not decide whether the protective sweep was unjustified.

{¶ 11}   Based on the reasoning set forth above, we find no error in the trial court's denial of Wafer's suppression motion. His assignment of error is overruled, and the judgment of the Clark County Common Pleas Court is affirmed.

. . . . . . . . . . . .

FAIN, P.J., and DONOVAN, J., concur.


Copies mailed to:

Lisa M. Fannin
Robert Alan Brenner
Hon. Richard J. O'Neill